

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YERVANT COX,
and others similarly situated,

      Plaintiffs,

vs.

APPLIANCE DIRECT, INC.,
a Florida corporation,

      Defendant.

_____/

CASE NO. 6:08-cv-216-orl-22DAB

**COLLECTIVE ACTION**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, YERVANT COX, and others similarly situated (hereinafter referred to as "Plaintiff" or "Plaintiffs"), by and through their undersigned counsel and sues the Defendant, APPLIANCE DIRECT, INC., and states as follows:

### INTRODUCTION

1.    This is a collective action by Plaintiff, YERVANT COX, and others similarly situated, against their employer for unpaid wages, pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*.  Plaintiffs seek damages for unpaid overtime, liquidated damages, a reasonable attorney's fee and costs.

### JURISDICTION

2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201, *et. seq.*  The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. Section 216(b).

## VENUE

3.      The venue of this Court over this controversy is proper based upon the claims arising in within this District.

## THE PARTIES

4.      Plaintiffs were at all time material, employed by Defendant, APPLIANCE DIRECT, INC., a Florida corporation authorized to conduct business in the state of Florida.

5.      Defendant, APPLIANCE DIRECT, INC., is in the business of selling home appliances and related products in the State of Florida.   Defendant APPLIANCE DIRECT, INC., is an employer as defined by 29 U.S.C. Section 203(d).   Defendant APPLIANCE DIRECT, INC., has employees subject to the provisions of the FLSA, 29 U.S.C. Section 206, in the facility where Plaintiffs are employed.

6.      Plaintiffs are employees of Defendant APPLIANCE DIRECT, INC., and at all times relevant to violations of the Fair Labor Standards Act was engaged in commerce as defined by 29 U.S.C. Section 206(a) and 207(a)(1).

7.      Alternatively, Defendant, APPLIANCE DIRECT, INC., is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. Section 203(s)(1).

8.      Plaintiffs have retained the Pantas Law Firm to represent them in this matter and have agreed to pay said firm a reasonable attorney's fee for its services.

## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

9.      Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 8 above.

10.     Throughout the employment of Plaintiffs, Defendant, APPLIANCE DIRECT, INC., repeatedly and willfully violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate Plaintiffs at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.  Specifically, Plaintiffs have worked numerous weeks in excess of forty (40) hours a week, yet have not been compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they are employed.

11.     Plaintiffs are not exempt from the overtime provisions of the FLSA.

12.     In addition to the named Plaintiff, numerous employees and former employees of Defendant APPLIANCE DIRECT, INC., are similarly situated to the Plaintiff in that they have held the same or similar position and have been denied overtime compensation while employed by Defendant.

13.     Defendant APPLIANCE DIRECT, INC.'s policy of not paying its employees overtime in violation of the FLSA is both unlawful and company-wide and each non-exempt employee employed by Defendant during the three years prior to the filing of this action have been deprived of overtime, similarly to the Plaintiffs.

14.     Plaintiff, YERVANT COX, is a representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

15.     Those similarly situated employees are known to Defendant, APPLIANCE DIRECT, INC., and are readily identifiable and locatable through Defendant, APPLIANCE DIRECT, INC.'s records.

16.     Those similarly situated employees should be notified of this action and allowed to opt into this action pursuant to 29 U.S.C. §216(b).

17.    Unless notice is issued, persons similarly situated to Plaintiff, who have unlawfully deprived of overtime compensation in violation of FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant, APPLIANCE DIRECT, INC.

WHEREFORE, Plaintiff, and all others similarly situated who join in this action pray for this Court:

(a)    To authorize the issuance of a notice at the earliest possible time to all APPLIANCE DIRECT, INC., employees who currently hold or who held positions as "Intrastate Truck Driver, performing local deliveries" to Defendant's customers during the three (3) year period of time preceding the filing of this action, informing them that this action has been filed and the nature of the action, and of their right to opt-into this lawsuit if they worked for Defendant APPLIANCE DIRECT, INC., during the liability period, but were not paid overtime wages as required by the FLSA;

(b)    To declare that Defendant APPLIANCE DIRECT, INC., has violated the overtime wages provisions of the FLSA, 29 U.S.C. § 206, as to plaintiffs and persons similarly situated;

(c)    To declare that Defendant APPLIANCE DIRECT, INC.'s violations of the FLSA were willful;

(d)    To award Plaintiffs, and other similarly situated employees and former employees of Defendant APPLIANCE DIRECT, INC., damages for the amount of unpaid overtime wages due to them, subject to proof at trial;

(e)     To award Plaintiffs, and other similarly situated employees and former employees of Defendant APPLIANCE DIRECT, INC., an additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages; if liquidated damages are not awarded, then in the alternative, prejudgment interest;

(f)     To make the same declarations and awards as prayed for in ¶¶ (a)-(f) above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b);

(g)     To award Plaintiffs, and other similarly situated employees and former employees of Defendant APPLIANCE DIRECT, INC., a reasonable attorneys' fee and costs pursuant to 29 U.S.C. § 216(b); and,

(h)     Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

Dated: January 17, 2008

K.E. PANTAS, ESQ.
Florida Bar No. 0978124
PANTAS LAW FIRM, P.A.
250 N. Orange Avenue, 11th Floor
Orlando, Florida 32801
Telephone: (407) 425-5775
Facsimile: (407) 425-2778
Trial Counsel for the Plaintiffs
CM/ECF E-Mail: clerk@pantaslaw.com