UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:08-cv-216-Orl-22DAB

YERVANT COX,
and others similarly situated,

    Plaintiff,

v.

APPLIANCE DIRECT, INC.,
a Florida corporation,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, APPLIANCE DIRECT, INC., by and through the undersigned attorneys, hereby files its Answer to the Plaintiff's Complaint and Demand for Jury Trial. The following paragraphs are responsive to and correspond to the numbered paragraphs of Plaintiff's Complaint:

1. Admitted, except denied as to the collective nature of the action or the existence of other plaintiffs similarly situated to the named Plaintiff.

2. Admitted

3. Admitted

4. Admitted

5. Admitted.

6. Denied.

7. Admitted.

8. Defendant, APPLIANCE DIRECT INC., is without knowledge.

9. Defendant, APPLIANCE DIRECT, INC., re-adopts and re-alleges its previous responses to the allegations of paragraphs 1 through 8 as though fully set forth herein.

10. Denied.

11. Admitted.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

WHEREFORE, the Defendant, having answered the Plaintiff's complaint and denied the allegations contained therein, requests this honorable Court enter judgment in its favor denying the relief requested.

## FIRST AFFIRMATIVE DEFENSE

18. Plaintiff has failed to state a basis for certification of the action as a collective action under the Fair Labor Standards Act. Plaintiff has not alleged sufficient facts to show that Plaintiff is similarly situated to other putative plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

19. Plaintiff has failed to state a basis for sending a collective action notice to employees employed with Defendants within three years from the date of the filing of the action. Defendant has acted in good faith and did not willfully violate the Fair Labor Standards Act.

### THIRD AFFIRMATIVE DEFENSE

20. Defendant has employed the Plaintiff according to a piece rate plan which compensated the Plaintiff in compliance with the Fair Labor Standards Act's minimum wage and overtime compensation requirements.

### FOURTH AFFIRMATIVE DEFENSE

21. Plaintiff is not entitled to liquidated damages under the Fair Labor Standards Act, because at all times relevant and material herein Defendant acted in good faith and had reasonable grounds for believing it did not violate the provisions of the Fair Labor Standards Act.

### FIFTH AFFIRMATIVE DEFENSE

22. Members of the putative plaintiffs to the collective action have accepted monies tendered by the Defendant in full and complete settlement of their rights to claim unpaid minimum wages and unpaid overtime compensation under the Fair Labor Standards Act. Thus these putative plaintiffs have waived their right to bring the instant action.

### SIXTH AFFIRMATIVE DEFENSE

23. Plaintiff's action should be barred because of a failure of a condition precedent in that the Plaintiff has failed to make a prior written demand to Defendant for the alleged unpaid minimum wages and unpaid overtime compensation.

### SEVENTH AFFIRMATIVE DEFENSE

24. Some or all of the FLSA Employees, as defined in the Plaintiff's Complaint, are barred by the statute of limitations contained in title 29 U.S.C. Section 255 to bring an action under the Fair Labor Standards Act.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via electronic notification by CM/ECF this 24 day of March, 2008 to: K.E. Pantas, Esquire, Pantas Law Firm, P.A., 250 North Orange Avenue, 11th Floor, Orlando, Florida 32801.

/s/ *signature*
**Christopher J. Coleman, Esquire**
Florida Bar No.: 0983896
**Stuart D. Sloan, Esquire**
Florida Bar No.: 0183342
SCHILLINGER & COLEMAN, P.A.
1311 Bedford Drive
Melbourne, Florida 32940
(321) 255-3737 Telephone
(321) 255-3141 Facsimile
ccoleman@fla-lawyers.com