# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**YERVANT COX, JAMARI DELEON,**
**GEORGE FRANCESCHI, KOREY**
**WALKER, EDGAR SERRANO,**
**GERRELL LOVETTE, DAVID SHEETS,**
**and JOSEPH FOX,**

                          **Plaintiffs,**

**-vs-**                                                   **Case No. 6:08-cv-216-Orl-22DAB**

**APPLIANCE DIRECT INC.,**

                          **Defendant.**
_____

## ORDER AND REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE (Doc. No. 39)** |
| **FILED:** | May 15, 2008 |

**THEREON** it is **ORDERED** that the motion be **DENIED** as moot. It appears from Defendant's response (Doc. No. 53) that the missing records, to the extent they exist, have since been produced. Absent evidence to the contrary, the Court accepts Defendant's representation that the omissions were unintentional.

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS COMPLAINT (SHEETS) (Doc. No. 44)** |
| **FILED:** | May 23, 2008 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS COMPLAINT (DELEON) (Doc. No. 45)** |
| **FILED:** | **May 23, 2008** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |
| **MOTION:** | **MOTION TO DISMISS COMPLAINT (SHEETS) (Doc. No. 46)** |
| **FILED:** | **May 23, 2008** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. The motion seeks the same relief against the same plaintiff, as sought in prior motion (Doc. No. 44). | |
| **MOTION:** | **MOTION TO DISMISS COMPLAINT (DELEON) (Doc. No. 47)** |
| **FILED:** | **May 23, 2008** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. The motion seeks the same relief against the same plaintiff, as sought in prior motion (Doc. No. 45). | |
| **MOTION:** | **MOTION TO DISMISS COMPLAINT (LOVETTE) (Doc. No. 57)** |
| **FILED:** | **May 30, 2008** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

At issue in all of the above motions to dismiss filed to date in this Fair Labor Standards Act ("FLSA") case is whether Defendant is entitled to dismissal of the claims of the named putative opt-in plaintiffs, based on a claimed "full tender" of damages. For the reasons set forth herein, the motions should be denied.

### *STANDARDS OF LAW*

In considering a motion to dismiss under the traditional analysis, the Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

### *ISSUES AND ANALYSIS*

Defendant does not move to dismiss based on failure to state a claim; rather, Defendant contends that, as it has since tendered "all amounts that could possibly be owed," it is entitled to a dismissal of the identified claims, as moot. In other words, Defendant appears to contend that the action no longer presents a case or controversy.

It is axiomatic that "[s]ettlement of a plaintiff's claims moots an action." *Lusardi v. Xerox Corp.,* 975 F.2d 964, 974 (3rd Cir. 1992), *citing Lake Coal Co. v. Roberts & Schaefer Co.*, 474 U.S. 120, 106 S.Ct. 553, 88 L.Ed.2d 418 (1985); *Hammond Clock Co. v. Schiff*, 293 U.S. 529, 55 S.Ct. 146, 79 L.Ed. 639 (1934); and 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure, § 3533.2, at 233 (1984). This is no less true in the context of an FLSA case, as this Court has noted. *See Holcomb v. Mortgage House, Inc.,* 2007 WL 129008 (M.D. Fla. 2007); *see also Maranon v. Appliance Direct, Inc.,* 2008 WL 151891 (M.D. Fla. 2008). As stated in *Holcomb:*

> Article III of the United States Constitution requires that a "plaintiff ... make out a 'case and controversy' between himself and the defendant; that is, the plaintiff must allege 'a distinct and palpable injury to himself' such as to warrant his invocation of federal-court jurisdiction." *National Wildlife Fed. v. Dep't of Interior,* 616 F.Supp. 889, 889 (D.D.C.1984); *see Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir.2001) ("Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of cases and controversies.").

> If there is no live controversy, the Court must dismiss Plaintiff's overtime claim as moot. *See National Advert. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir.2005) ("By its very nature, a moot suit cannot present an Article III case and controversy and the federal courts lack subject matter jurisdiction to entertain it."), *cert. denied*, 126 S.Ct. 1318 (2006); *Al Najjar*, 273 F.3d at 1335 ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then case is moot and must be dismissed."). In the FLSA case of *Thomas v. Interland, Inc.,* Civ. No. 1:02-cv-3175CC, 2003 WL 24065651 (N.D. Ga. Aug. 25, 2003), the district court held that the case was moot and it lacked subject matter jurisdiction to hear plaintiff's FLSA claim where defendant offered to satisfy plaintiff's entire demand. *Cf. Mackenzie v. Kindred Hospitals East, L.L.C.*, 276 F.Supp.2d 1211, 1219 (offer of judgment for more than employee could have received at trial in action for overtime wages under FLSA, plus attorney's fees and costs to be determined, rendered case moot); *see Rand v. Monsanto*, 926 F.2d 596, 597-98 (7th Cir.1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake.").

*Holcomb v. Mortgage House, Inc*., 2007 WL 129008, *2 (M.D. Fla. 2007).

Here, however, there is a factual dispute that full tender of the entire demand has, in fact, occurred with respect to these individuals. *See* Doc. Nos. 59-61. Plaintiff has contested the accuracy of Defendant's record-keeping, and the total amount of the various hours worked is, itself, not yet established (*see* Doc. Nos. 39 and 53). According to the verified responses to the Court Interrogatories, Mr. Deleon and Mr. Sheets were paid $10.00 per delivery, not per hour, and both note that they are "unable to calculate [their total claim] until records are obtained from Defendant." (Doc. Nos. 21-2; 25-2). Mr. Lovette avers that he worked as a driver's helper, and was paid $7.50 per delivery. He, too, did not quantify his total claim (Doc. No. 30-2). All of the papers before this Court indicate that the putative plaintiffs were paid per delivery, not hourly. *See* Verified Summaries filed by Appliance Direct. Nonetheless, in each motion to dismiss, Appliance Direct represents that it has calculated the amount of each claim, without providing a detailed explanation or evidentiary basis for how the overtime claim (which the Court assumes is based on an hourly rate) was calculated. On this record, the Court cannot conclude that any of the claims are presently moot. *See Dell'Orfano v.*

*IKON Office Solutions, Inc.,* 2006 WL 2523113 (M.D. Ga. 2006) (denying motion to dismiss where sufficiency of the offer of judgment was in dispute).

Moreover, this is not a case where a single plaintiff has filed a claim that both sides acknowledge has been fully settled. To date, the docket indicates the presence of numerous opt-in claimants, with a pending motion for certification of the case as a collective action. Under such circumstances, courts have denied similar motions to dismiss. *See Reyes v. Carnival Corp.*, 2005 WL 4891058 (S.D. Fla. May 25, 2005) (noting existence of other opt-in plaintiffs as factor in not mooting controversy); *Rubery v. Buth-Na-Bodhaige, Inc*., 494 F. Supp.2d 178 (W.D. N.Y. 2007) (motion to dismiss denied where motion for certification was pending and more than fifty people had filed consents to join).

As the complaint otherwise easily meets the pleading standards, there are no other grounds sufficient to dismiss the claims.

### *CONCLUSION AND RECOMMENDATION*

For the reasons set forth above, it is **respectfully recommended** that the motions to dismiss be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 16, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy