**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**YERVANT COX, JAMARI DELEON,**
**GEORGE FRANCESCHI, KOREY**
**WALKER, EDGAR SERRANO,**
**GERRELL LOVETTE, DAVID SHEETS,**
**and JOSEPH FOX,**

                      **Plaintiffs,**

**-vs-**                                      **Case No. 6:08-cv-216-Orl-22DAB**

**APPLIANCE DIRECT INC.,**

                      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR CERTIFICATION OF COLLECTIVE ACTION AND PERMISSION TO SEND COURT SUPERVISED NOTICE (Doc. No. 40)**
>
> **FILED:** May 16, 2008
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

### *BACKGROUND*

Plaintiff seeks conditional certification of this Fair Labor Standards Act ("FLSA") case as a collective action, and further seeks permission to send court supervised notice of this action to other allegedly similarly situated persons- described in the papers as persons currently or formerly employed by Defendant as local delivery drivers. The motion is supported by the Affidavit of named

Plaintiff Yervant Cox (Doc. No. 41) and the Affidavits of opt-in plaintiffs Joseph Fox (Doc. No. 42-2), Erick Agosto Diaz (Doc. No. 42-3), Edgar Gonzalez (Doc. No. 42-4), George Franceschi (Doc. No. 42-5), Danny Ferran (Doc. No. 42-6), Freddy Urena (Doc. No. 43-2), and Korey Walker (Doc. No. 43-3).[1] Defendant opposes the relief sought (Doc. No. 54) and has submitted the Affidavit of Sam Pak (Doc. No. 55), and the Affidavit of Jeff Pena (Doc. No. 56). For the foregoing reasons, it is **respectfully recommended** that the motion be **granted, in part, as set forth herein.**

### *STANDARDS OF LAW*

An FLSA action for unpaid overtime compensation "may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). In order to maintain a collective action under § 216(b), the named plaintiff must establish that the potential plaintiffs are "similarly situated" employees. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir.2001).

The Eleventh Circuit Court of Appeals has "suggest[ed]" that district courts use a "two-tiered approach to certification of § 216(b) opt-in classes." *Hipp,* 252 F.3d at 1218-19. The first determination is made at the so-called "notice stage." As Judge Whittemore recently summarized:

> At the notice stage, the district court makes a decision--usually based only on the pleadings and any affidavits which have been submitted--whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.

---

[1] The Plaintiffs all purport to be either current or former delivery truck drivers for Defendant.

*Barten v. KTK & Associates, Inc.*, 2007 WL 2176203, 1 (M.D. Fla. 2007), *citing Hipp,* 252 F.3d at 1218, and *Cameron-Grant v. Maxim Healthcare Servs., Inc.,* 347 F.3d 1240, 1243 n. 2 (11th Cir. 2003).

Thus, at the notice stage, the court must initially determine, using a lenient standard, whether: 1) there are other employees who desire to opt in to the action; and 2) the employees who desire to opt in are "similarly situated." *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991); *Cameron-Grant*, 347 F.3d at 1243 n. 2. In making this determination, it is Plaintiffs' burden to show a "reasonable basis for crediting their assertions . . ." *Haynes v. Singer Co., Inc.,* 696 F.2d 884, 887 (11th Cir. 1983). Plaintiffs must offer "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir.1996) (internal quotations and citation omitted).

> This burden is less stringent than that for joinder or for certification of a class action under Federal Rules of Civil Procedure 20(a) or 23, respectively [footnote omitted]. *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). A plaintiff need only demonstrate that his or her position is "similar, not identical" to the positions held by the potential plaintiffs. *Id.* While a plaintiff's burden is not particularly strict, "unsupported allegations that FLSA violations were widespread and that additional plaintiffs" exist are insufficient to establish that similarly situated employees exist. *Haynes v. Singer, Co., Inc*., 696 F.2d 884, 887 (11th Cir. 1983).

*Gonzales v. Hair Club for Men, Ltd.,* 2007 WL 1079291 (M.D. Fla. 2007).

### *ANALYSIS*

The Court initially observes that this is not the first case filed against this Defendant by a delivery truck driver asserting violation of the overtime provisions of the FLSA. In this district alone, at least three other actions have been filed. *See August Williams, Jr. v. Appliance Direct, Inc.,* Case No. 6:07cv604-GAP-GJK (case since closed - not pled as a collective action); *Julio Maranon v. Appliance Direct, Inc.,* Case No. 6:07cv1160-ACC-DAB (case closed - pled as a collective action,

but case settled prior to any motion to certify collective action); and *Leonard Moore, et al. v. Appliance Direct, Inc. and Sei Pac,* Case No. 6:08cv 317-ACC-DAB (currently pending, pled as a collective action on behalf of "truck driver" employees).[2] Although the existence of other actions, especially the other pending action which appears to seek identical relief and to represent the same type of employee, would ordinarily give the Court pause, the unique status of a collective action lessens the *res judicata* implications. As the Eleventh Circuit Court observed in *Albritton v. Cagle's, Inc.,* 508 F. 3d 1012 (11th Cir. 2007), the statutory framework of a collective action requires that each party plaintiff must give his consent in writing to become such a party and "[f]ailing to opt out is not the same as opting in." 508 F.3d at 1018. Thus, while each plaintiff can only have one recovery and can only prosecute his claim once, the existence of other suits involving other plaintiffs is no bar to the instant suit, as long as this Court has not yet been asked to certify any of the other actions, or to supervise notification to potential opt-ins.

On the merits, the Affidavits submitted by Plaintiffs, and the notices of consent filed by these and other would-be plaintiffs, easily establish that there are other employees who desire to opt in and join this lawsuit. Defendant does not seriously contend otherwise. The first prong is met.

The crux of the issue appears to be whether the opt ins are "similarly situated." This Court finds them to be so, for purposes of the initial determination. As shown by the Affidavits tendered in support of the motion, Plaintiff asserts that Defendant employs at least 100 delivery truck drivers within the Central Florida area, that these drivers have similar duties, are paid by the delivery, and worked over forty hours a week without receiving overtime compensation.

---

[2] Note, too, another FLSA action filed in this district against a related Defendant, but purporting to address other job descriptions. *See Metras v. Appliance Direct Management, Inc. and Sei Hwan Pak,* Case No. 6:04cv1198-JGG (warehouse supervisor).

Defendant asserts that Plaintiff and the proposed collective class are not similarly situated, in that:

1. Their duties and compensation were disparate;

2. The drivers were managed by separate managers, through separate corporate entities;

2. The proposed class is overbroad in geographic scope; and

4. Plaintiff has not alleged a company-wide policy regarding not paying overtime.

(Doc. No. 54). The record, however, does not support these assertions.

Although Defendant asserts that Plaintiff "makes no allegation of a company or enterprise plan, policy or decision to deny delivery truck drivers overtime" (Doc. No. 54 at 6), the Complaint does, indeed, make such an allegation. *See* Doc. No. 1, Allegation 13. Moreover, although Defendant asserts that the potential opt-ins are all managed by separate managers through separate corporate entities, the Affidavit of Sam Pak, filed by Defendant, indicates that he is the "owner" of Appliance Direct stores, and refers to Appliance Direct as an enterprise, organized by geography, consisting of twenty retail stores throughout Florida (Doc. No. 55). Further, Mr. Pak avers that all of the opt-in Affiants were "employed by the enterprise of Appliance Direct . . .." *Id.* As for separate managers, according to Mr. Pak, Appliance Direct employs Jeff Pena as the delivery manager, with responsibilities including the "overall supervision and quality control of the delivery activities of all Appliance Direct retail stores . . ." (*Id.* at paragraph 9). No geographical objection can be sustained.

As for the assertion of disparate compensation, there is no requirement that all plaintiffs be paid the identical amount. Although Defendant contends that the employee handbook notes Defendant's policy of paying overtime compensation, they do not offer any evidence to rebut Plaintiffs' Affidavits that, in practice, they were all paid by the job, and were not paid overtime

compensation.[3] Finally, no showing is made that the duties of the delivery drivers were disparate. In fact, the Affidavit of Jeff Pena indicates just the opposite. *See* Doc. No. 56, paragraph 5, setting forth the duties of "delivery drivers." Plaintiffs have shown enough to warrant certification under the applicable standards.

Plaintiff has tendered a proposed Notice to the Class, and Opt-In Form and Defendant has objected to certain aspects of the proposed Notice. Specifically, Defendant objects to a provision of the proposed notice that advises employees if they believe that they have been retaliated against they may contact the Pantas Law Firm. Defendant argues that such a provision borders on solicitation and this point is well-taken. Plaintiffs' form is inadequate in other respects because it fails to fully inform potential plaintiffs of their rights and responsibilities should they decide to opt-in to the suit.

It is therefore respectfully **RECOMMENDED** that Plaintiff's Motion for Collective Action be **GRANTED** and Defendant be ordered to produce, within 30 days, the names and last known addresses of all "delivery drivers" employed by Defendant in the Middle District of Florida, for the period beginning three years prior to the time suit was filed and authorizing Plaintiff to send notice to each such employee. It is also **RECOMMENDED** that the format used in other Middle District Cases[4] be adopted in this case and modified as attached at the end of this Report and Recommendation. It is further **RECOMMENDED** that Plaintiff be required to file all Consents to Join with this Court within 60 days of any order adopting this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking

---

[3] *See, too,* Doc. No. 53 at pp. 12 and 14, indicating drivers were paid "per stop."

[4] *See Rivera v. Cemex*, Case No. 6:06cv687-Orl-31DAB; and *Sanchez v. Ocwen Loan Servicing, LLC,* Case No. 6:06cv1811-Orl-28DAB.

the factual findings on appeal.

**Recommended** in Orlando this 7th day of July, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NOTIFICATION TO POTENTIAL COLLECTIVE ACTION MEMBERS**

*This is a Court-Authorized Notice and is not a Solicitation from a Lawyer.*

**TO:** ALL CURRENT AND FORMER EMPLOYEES OF APPLIANCE DIRECT, INC. WHO ARE OR WERE, EMPLOYED AS A LOCAL DELIVERY DRIVER PAID BY THE DELIVERED LOAD, AND WHO WORKED MORE THAN 40 HOURS IN ANY WORKWEEK WITHIN THE LAST THREE (3) YEARS, AND WERE NOT PAID OVER-TIME PURSUANT TO THE FAIR LABOR STANDARDS ACT.

**RE:** RIGHT TO OPT-IN TO LAWSUIT FOR ALLEGED UNPAID OVERTIME COMPENSATION PURSUANT TO THE FAIR LABOR STANDARDS ACT.

**Introduction**

The purpose of this Notice is to inform you of the existence of a collective action lawsuit brought pursuant to the Fair Labor Standards Act ("FLSA") in which you are potentially "similarly situated" to the Representative Plaintiff, to advise you of how your rights under the FLSA may be affected by the lawsuit, and to instruct you on the procedure for participating in this lawsuit should you choose to do so.

**Description of Lawsuit**

On or about February 11, 2008, YERVANT COX ("the Representative Plaintiff") filed a lawsuit for alleged non-payment of overtime wages against Defendant, APPLIANCE DIRECT, INC., in the United States District Court for the Middle District of Florida, Orlando Division. The Representative Plaintiff's counsel in this case is K.E. PANTAS, Esq. of the Pantas Law Firm, P.A. APPLIANCE DIRECT, INC., has sought to dismiss, and disputes the Representative Plaintiff's claims.

**Composition of the Class**

The Representative Plaintiff is suing on behalf of himself and also on behalf of all other employees and former employees that are or were "similarly situated," due to employment as local delivery drivers for APPLIANCE DIRECT, INC., who worked more than 40 hours/workweek within the last three years but were not paid over-time pay pursuant to the FLSA.

This Notice is only for the purpose of determining the identity of those persons who wish to be involved in this lawsuit, and has no other purpose. Your right to participate in this lawsuit may depend upon a later decision by the U.S. District Court that you and the Representative Plaintiff are, in fact, "similarly-situated" under federal law.

**Your Right to Participate in this Lawsuit**

If you fit the definition above, you may opt-in and join this lawsuit by forwarding one copy of the enclosed "Consent to Become Party Plaintiff" form to the Representative Plaintiff's counsel: **K.E. Pantas, c/o Pantas Law Firm, P.A., 250 North Orange Ave., 11th Floor, Orlando, Florida 32801, (407) 425-2778 (FACSIMILE), JOIN@pantaslaw.com.** Upon receipt, the Pantas Law Firm, P.A. will file this form with the U.S. District Court on your behalf. If you do not wish to join this lawsuit, you do not need to do anything.

**Deadline to Join Lawsuit**

If you fail to return the Consent form to the Pantas Law Firm, P.A. by _____, you will not be able to participate in this lawsuit.

| **EFFECT OF JOINING LAWSUIT** ||
|---|---|
| **Do Nothing** | **Do Nothing.** By doing nothing, you retain your legal rights to bring a separate lawsuit against APPLIANCE DIRECT, INC., (within the applicable statute of limitations period) for allegedly unpaid overtime compensation. If money or benefits are later awarded in this case, you will **NOT** share in them. |
| **Ask to be Included** | **Complete opt-in consent form.** By "opting in," you gain the possibility of receiving money or benefits that may result from a trial or settlement in this case, but you give up your right to separately sue APPLIANCE DIRECT, INC. for the same legal claims brought in this lawsuit. You will be bound by the judgment, whether it is favorable or unfavorable.    If you choose to join this lawsuit, the Representative Plaintiff's counsel, K.E. PANTAS, ESQ. of the PANTAS LAW FIRM, P.A., will represent you. The attorney for the class is being paid on a contingency fee basis, which means if there is no recovery, there will be no attorneys' fees chargeable to you. If there is a recovery or settlement, Plaintiffs counsel will receive, as compensation, either a percentage of the total recovery or reasonable attorneys' fees paid by APPLIANCE DIRECT, INC. in an amount to be determined by the Court. If you do opt-in and are unsuccessful on the merits of your claim, you may be responsible for APPLIANCE DIRECT's costs in this matter.<br>By joining this lawsuit, you designate the Representative Plaintiff as your agent to make decisions on your behalf concerning this litigation, the method and manner of conducting this litigation, the entering into of an agreement with Representative Plaintiff's counsel regarding attorneys' fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the Representative Plaintiff will be binding on you if you join this lawsuit. |

- The U.S. District Court has permitted the Representative Plaintiff to send Notice to all defined current and former employees of APPLIANCE DIRECT, INC.'s at any time in the last three

years so that they may be permitted to "opt-in" to, or join, this lawsuit to assert their similar legal rights.

• The Court has not yet decided whether APPLIANCE DIRECT, INC. has done anything wrong or whether this case will proceed to trial. There is no money available now and no guarantees that there ever will be.

• Federal law prohibits APPLIANCE DIRECT, INC. from discharging, discriminating, or retaliating against you in any way for taking part in this lawsuit.

Further information about the lawsuit or this Notice may be obtained by writing counsel for the Representative Plaintiff at the address listed above or by calling 407-425-5775 (in Orlando) or 1-800-492-4352 (toll-free).

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**YERVANT COX, JAMARI DELEON,
GEORGE FRANCESCHI, KOREY
WALKER, EDGAR SERRANO, GERRELL
LOVETTE, DAVID SHEETS, and JOSEPH
FOX,**

        **Plaintiffs,**

**-vs-**                                          **Case No.  6:08-cv-216-Orl-22DAB**

**APPLIANCE DIRECT INC.,**

        **Defendant.**

_____

## **CONSENT TO JOIN**

**TO: CLERK OF COURT AND COUNSEL FOR EACH PARTY**

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf by the above-representative Plaintiff and designate the representative Plaintiff as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Signature:_____
Printed Name:_____
Street Address:_____
City, State, Zip:_____
Telephone No.:_____

PLEASE RETURN THIS FORM IN TIME FOR FILING WITH THE COURT WITH BY:_____, to:

 **K.E. PANTAS, ESQ., PANTAS LAW FIRM, P.A., 250 NORTH ORANGE AVENUE, ELEVENTH FLOOR, ORLANDO, FLORIDA 32801.  (407) 425-2778 (FACSIMILE)**