**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**YERVANT COX, et al.,**

        **Plaintiffs,**

**-vs-**                                            **Case No. 6:08-cv-216-Orl-22DAB**

**APPLIANCE DIRECT INC.,**

        **Defendant.**

_____

## ORDER

This cause comes before the Court for consideration of the Magistrate Judge David A. Baker's July 7, 2008 Report and Recommendation ("R&R") (Doc. No. 66), Defendant Appliance Direct, Inc.'s Objection to the R&R (Doc. No. 67), and Plaintiffs' Response to that Objection (Doc. No. 68).

This is an overtime wage action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. In his R&R, Judge Baker recommends that Plaintiffs' Motion for Certification of Collective Action and Permission to Send Court-Supervised Notice, etc. (Doc. No. 40) be granted. A recommended form of notice to potential collective action members, and a proposed consent to join this suit, are attached to the R&R.

Appliance Direct objects to the R&R on several grounds. First, Appliance Direct asserts that Plaintiffs have failed to meet their burden of demonstrating entitlement to certification at this initial, "notice," stage of the collective action certification process. This objection is without merit. Judge Baker correctly determined that Plaintiffs have satisfied the fairly lenient standard governing certification at this stage of the proceedings.

Second, Appliance Direct contends the form notice proposed by Judge Baker is deficient in a number of respects. These objections - save one - are also without merit. In their Response to Appliance Direct's Objection, Plaintiffs concede that the following language should be inserted in the form notice:

> If you do opt-in you may be required to respond to written questions and requests for documents, sit for depositions and/or testify in court. If you do opt-in and are unsuccessful on the merits of your claim, you may be responsible for APPLIANCE DIRECT's costs in this matter.

(Doc. No. 68 at 1-2.)

The "EFFECT OF JOINING LAWSUIT - Ask to be Included - Complete opt-in consent form" section of the proposed notice attached to the R&R already contains the second sentence in the passage quoted above. However, it does not contain the first sentence. Based on Plaintiffs' concession regarding inclusion of this language, Plaintiffs' counsel shall insert the first sentence in the above-quoted passage in the form notice, immediately preceding the second sentence as it appears in the notice.

The Court rejects Appliance Direct's remaining objections regarding the proposed notice, the company's request to restrict Plaintiffs' counsel's communications with proposed opt-in members, and its alternative class definition.

Based on the foregoing, it is ORDERED as follows:

1. The July 7, 2008 Report and Recommendation (Doc. No. 66) is APPROVED AND ADOPTED, subject to the notice modification discussed herein.

2. Defendant Appliance Direct, Inc.'s Objection to the R&R (Doc. No. 67), filed on July 17, 2008, is OVERRULED, except regarding the notice modification discussed herein.

3. Plaintiffs' Motion for Certification of Collective Action and Permission to Send Court-Supervised Notice, etc. (Doc. No. 40), filed on May 16, 2008, is GRANTED.

4. In accordance with Judge Baker's recommendations:

a. Within thirty (30) days, Defendant shall produce to Plaintiffs' counsel the names and last known addresses of all "delivery drivers" employed by Defendant in the Middle District of Florida, for the period beginning three (3) years prior to the time this suit was filed.

b. Plaintiffs' counsel are authorized to send the notice and consent form attached to the R&R, as modified by this Order, to such employees.

c. Plaintiffs shall be required to file all consents to join with this Court within sixty (60) days of the date on which this Order is entered.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on August 1, 2008.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party
Magistrate Judge Baker