# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

YERVANT COX, JAMARI DELEON,
GEORGE FRANCESCHI, KOREY
WALKER, EDGAR SERRANO,
GERRELL LOVETTE, DAVID SHEETS,
and JOSEPH FOX,

      **Plaintiffs,**

-vs-              **Case No.  6:08-cv-216-Orl-22DAB**

**APPLIANCE DIRECT INC.,**

      **Defendant.**

_____

## ORDER

   This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO ADD OPT IN PARTIES (Doc. No. 79)** |
| **FILED:** | **October 15, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

   By Order dated August 1, 2008, the District Judge granted Plaintiffs' Motion for Certification

of Collective Action and Permission to Send Court-Supervised Notice (Doc. No. 40) and ordered

Plaintiff to "file all consents to join . . . within sixty (60) days . . ." (Doc. No. 69).  Plaintiff's counsel

acknowledges that the deadline to file all opt-ins was October 2, 2008, but asserts that after that date,

Plaintiffs' counsel "received twenty-one more Consent to Join forms" (Doc. No. 79).  He now seeks

permission to add those 21 out of time opt-ins as additional plaintiffs in this matter, asserting that

there is no prejudice to Defendant and "the judicial resources of this Court would be best utilized by allowing the aforementioned opt-in Plaintiffs to join the instant case." *Id.* Defendant objects, noting the absence of a showing of good cause to excuse the tardiness of the filing and asserting that it would, in fact, be prejudiced by the addition which more than doubles the number of Plaintiffs in this matter (Doc. No. 94).

Plaintiff offers no showing as to why the opt-in notices are untimely, save for merely acknowledging that he received them after the deadline. This is insufficient. The issue is not, as framed by Plaintiff's counsel, why the Court shouldn't allow the additional opt-ins, the issue is why the Court *should.* The formal Notice sent to potential collective action members included a provision entitled <u>Deadline to Join Lawsuit</u>, which unambiguously provides: "If you fail to return the Consent form to the Pantas Law Firm, P.A. by [the deadline] you will not be able to participate in this lawsuit." (*See* Doc. Nos. 66 and 69). Deadlines are placed for a reason and absent a showing of good cause, extensions are disfavored. *See, generally,* Case Management and Scheduling Order, Part II, B. (Doc. No. 70).

Further, the equities weigh in favor of enforcing the deadline. Although counsel contends that the judicial resources favor allowing the latecomers, this is not necessarily the case. As this is a collective action and not a class action, opt-ins are not barred from filing their own action or actions and, indeed, as previously noted by this Court, the instant action followed several other similar suits against this Defendant filed in this district.[1] There is no guarantee that allowing these latecomers will

---

[1] See Doc. No. 66 at pg. 4, citing *August Williams, Jr. v. Appliance Direct, Inc.*, Case No. 6:07cv604-GAP-GJK (case since closed - not pled as a collective action); *Julio Maranon v. Appliance Direct, Inc.*, Case No. 6:07cv1160-ACC-DAB (case closed - pled as a collective action, but case settled prior to any motion to certify collective action); and *Leonard Moore, et al. v. Appliance Direct, Inc. and Sei Pac,* Case No. 6:08cv 317-ACC-DAB (currently pending, pled as a collective action on behalf of "truck driver" employees).

prevent future claims by other employees.  As Defendant opposes the motion, noting that the number of potential opt-ins more than doubles the collective class and thus the discovery burden, and Plaintiff's counsel has failed to make any showing of good cause for missing the deadline, the motion is **denied.**

      **DONE** and **ORDERED** in Orlando, Florida on October 29, 2008.

*David A. Baker*

      DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-3-