# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**YERVANT COX, et al.,**

        **Plaintiffs,**

**-vs-**                                                **Case No. 6:08-cv-216-Orl-22DAB**

**APPLIANCE DIRECT INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 167)**
>
> **FILED:** March 23, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, as set forth herein.

This is a motion seeking an award of attorney's fees and costs following entry of judgment in Plaintiffs' favor in this contested Fair Labor Standards Act case. As reflected in the Order granting Judgment and the subsequent Judgment, the thirty-one remaining Plaintiffs accepted offers of judgment in the combined amount of $126,574.28, exclusive of attorney's fees and costs, and the Court reserved jurisdiction to award same (Doc. Nos. 163-66). Following entry of judgment, Plaintiff filed the instant motion, seeking an award of $66,342.50 in attorney's fees and $12,823.18 in taxable costs. No opposing brief has been filed, and counsel represents that defense counsel has not

responded to his numerous attempts to confer, as required by Local Rule 3.01(g). As no response has been filed, and the time for doing so has since past, the Court assumes that Defendant has no objection to the relief sought. *See* Local Rule 3.01(b). For the reasons set forth below, the Court **respectfully recommends** that the motion be **granted, as set forth herein.**

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory language of the Act says "in addition to any judgment," a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery. Here, there is no doubt that, with respect to the thirty one Plaintiffs named in the judgment, an award of attorney's fees and costs is appropriate here.

As to the amount of the fee, in determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299

(11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). Additional factors to be considered in determining a reasonable fee include:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Norman*, 836 F.2d at 1292 (*citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rate." *Id.* at 1303. An applicant may meet his or her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

Here, counsel for Plaintiff asserts by Affidavit and time sheets, that the firm expended a total of 439.4 hours in lawyer and paralegal time, at the rates set forth as follows:

| TIMEKEEPER | HOURS | RATE /HR | TOTAL |
|---|---|---|---|
| K.E. PANTAS | 69.9 | $300 | $20,970.00 |
| L. TODD BUDGEN | 40.6 | $300 | $12,180.00 |
| JON D. RANKIN | 194.7 | $105.00 | $20,443.50 |
| BECKI RODAK | 134.2 | $95.00 | $12,749.50 |
| **TOTAL** | | | **$66,342.50** |

In the supporting papers, counsel represents that he has reviewed the time records and eliminated all time entries for persons who opted into the case, but did not ultimately receive a recovery. Counsel notes that the case was litigated through full discovery (including depositions) and trial preparation, and the docket reflects a two year period of litigation, including motion practice and two mediation conferences, before the case ultimately settled right before trial. The Court agrees that the time claimed reflects an appropriate amount of time and effort required to successfully prosecute these thirty one claims for two years of litigation.[1] As for the rates claimed, the Court assumes by its failure to object to the motion that Defendant has agreed to same. While the rates are higher than the rates recently awarded by the undersigned in FLSA cases, the Court finds the overall fee to be reasonable and, absent any objection and in view of the complexity of this particular case, **respectfully recommends** approval of the requested fee. As for costs, as fourteen days notice has been given during the pendency of the motion, the Clerk should tax the costs, as specified in Rule 54, Fed. R. Civ. Procedure, in the usual course.

---

[1] The requested fee equals approximately $2,140.00 in fees for prosecuting each of the thirty one claims. The Court finds this to be a fair and reasonable amount.

For the reasons set forth above, it is **respectfully recommended** that the motion be granted, in part, and Plaintiffs be awarded attorneys' fees in the amount of **$66,342.50**, **with costs to be taxed by the Clerk.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 16, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy